IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| PATRICK RYAN, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | Case No. CIV-16-205 |
| CORRECTIONS CORPORATION OF AMERICA, et al., | ) |  |
| Defendant. | ) |  |

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Gary M. Purcell that Plaintiff's claims be dismissed without prejudice. (Doc. 31). Plaintiff Patrick Ryan, a California state prisoner appearing with counsel, asserts several causes of action under 42 U.S.C. § 1983 relating to the conditions of his confinement at a correctional facility in Sayre, Oklahoma, and later at one or more California state correctional facilities.

This case, referred to Magistrate Judge Gary M. Purcell on March 2, 2016, under 28 U.S.C. § 636(b)(1)(B), started with over 50 defendants. For our purposes, however, only three remain: (1) Corrections Corporation of America, Inc., (2) California Department of Corrections and Rehabilitations ("CDCR"), and (3) Keith Ivens, apparently a doctor who provided medical care to Ryan at the Oklahoma facility.

All Defendants have moved to dismiss on various grounds, including failure to exhaust administrative remedies. (Doc. 26). In addition to responding (Doc. 29), Mr. Ryan

1

moved to transfer all his claims against the CDCR to the United States District Court for the Eastern District of California. (Doc. 27). On review, the Magistrate Judge issued a Report and Recommendation (Doc. 31) that Defendants' Motion to Dismiss be granted and that the cause of action should be dismissed without prejudice for failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a). The Magistrate also noted that dismissal was appropriate as to CDCR on the basis of sovereign immunity and that Plaintiff's Motion to Transfer should be denied as moot. Plaintiff objected to the Report and Recommendation (Doc. 32) and Defendants responded (Doc. 35).

Upon de novo review, the Court concurs with Magistrate Judge Purcell's findings and recommendations and therefore ADOPTS the Report and Recommendation (Doc. 31) issued on November 22, 2016.

As a preliminary matter, the Court finds no problem with the Magistrate Judge's consideration of affidavits filed by Defendants providing evidence that Mr. Ryan failed to exhaust administrative remedies. The Magistrate Judge correctly noted in Footnote 5 of his Order that, contrary to Plaintiff's assertion, *Williams v. Wilkinson*, 645 Fed.Appx. 692 (10th Cir. 2010), does not stand for the proposition that considering an affidavit at the motion-to-dismiss stage is inappropriate. Courts may of course treat a motion to dismiss under Rule 12(b)(6) as a motion for summary judgment if they raise matters outside the pleadings. *Brown v. Zavaras*, 63 F.3d 967, 969 (10th Cir. 1995). The caveat to this rule, however, is that when a motion to dismiss is converted to one for summary judgment, the Court must give the parties notice and an opportunity to present material as it would for a motion under Rule 56. *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648,

654 (10th Cir. 2002). While the Magistrate Judge did not expressly note in his Report and Recommendation that he was converting Defendants' Motion to Dismiss into one for summary judgment, he apprised the parties via Order on September 6, 2016—well before Defendants' Motion to Dismiss was filed—that he would convert any motions supported by affidavits and/or other documentary evidence into one for summary judgment. (Doc. 23). Despite the lack of express conversion, conversion was still proper and the Court may still adopt the Magistrate's Report and Recommendation. *See, e.g., Wilson v. Corrections Corp. of America*, 2015 WL 918801, at *1 (W.D. Okla. Mar. 3, 2015) (finding that the magistrate judge's failure to state in the Report and Recommendation "that [plaintiff's] converted motion would not count as a motion under Rule 56" did not preclude dismissal for failure to exhaust administrative remedies) (internal quotes and ellipses omitted).

Having decided that the Magistrate did not err in consulting Defendants' attached affidavits, the Court turns to the new arguments Mr. Ryan raises in his Objection to the Magistrate's Report and Recommendation. Each of these new contentions, however, lacks merit.

Mr. Ryan's first argument is that the *Martinez* Report, which is often used to determine the availability and appropriateness of lawsuits filed by pro se inmates,[1] should have never been ordered by the Magistrate Judge because he has been represented by counsel since the onset of litigation. It is unclear exactly how this prejudiced him. While a *Martinez* report is usually ordered when the plaintiff is a pro se prisoner, the essential

---

[1] *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

3

function of a *Martinez* report—"ascertain[ing] whether there is a factual as well as legal basis for the prisoner's claims"—is not altered merely because plaintiff retained counsel. *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987). Further, the Magistrate judge entered his Order instructing Defendants to prepare the *Martinez* report on March 2, 2016. Mr. Ryan could have objected to that Order under Federal Rule of Civil Procedure 72(a)[2] on the basis that he was represented by counsel, yet he did not do so. So even if that argument had merit, Mr. Ryan waived it by failing to object to the Magistrate's March 2 Order. "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F. 3d 1421, 1426 (10th Cir. 1996).

Mr. Ryan's second argument is that he need not specifically plead or demonstrate exhaustion in his complaint in order to avoid dismissal. That contention alone runs afoul of Tenth Circuit precedent: "In a § 1983 action, the burden is on the prisoner to sufficiently plead exhaustion of administrative remedies under § 1997e(a), which includes supplying supporting information or documentation of the exhaustion of his prison grievance proceedings." *Garcia v. Taylor,* 113 F. App'x 857, 859 (10th Cir. 2004). And even if that were not the case, Mr. Ryan is still required to rebut Defendants' evidence that he failed to exhaust administrative remedies. *See Hines v. Sherron*, 372 Fed.Appx. 853, 855 (10th Cir. 2010) (affirming dismissal of amended complaint for failure to exhaust administrative remedies because "[i]n response to defendants' evidence, [plaintiff] had not presented any

---

[2] "When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy." Fed.R.Civ.P. 72(a).

4

evidence that he in fact had utilized the DOC administrative remedy procedure"). His Complaint's allegation that "[u]pon information and belief, [he] exhausted all available remedies" will not suffice.

As for his third argument—that he was prevented from exhausting his remedies by correctional facility staff—the Court agrees with the Magistrate Judge that Mr. Ryan has offered no evidence to bolster that claim. Mr. Ryan also insists that the affidavits by employees of CDCR and CCA stating that he never filed grievances are not determinative of the exhaustion issue. His argument is essentially that Defendants did not interview the correct persons to ascertain whether a grievance or appeal was in fact filed by Mr. Ryan. That argument flounders as well. "[T]here is no required procedure for reports ordered under *Martinez*." *Carpenter v. Edmondson*, 1997 WL 580490, *2 (10th Cir. 1997) (rejecting prisoner's claim that "the court should have required defendants to interrogate certain parties"). Nor is Mr. Ryan's case saved by his explanation that prison officials never responded to his appropriately filed grievances. Regardless, he did not complete the process of pursuing administrative remedies as required for this Court to exercise jurisdiction. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins his grievance process but does not complete it is barred from pursuing a § 1983 claim.") And to be sure, Mr. Ryan's allegations that prison officials ignored his grievances does not prevent dismissal. In *Jernigan*, for example, the prisoner argued that the "[prison] interferes with inmates pursuing grievances by losing their paperwork." *Id*. at 1033. That argument, the court held, "is akin to an argument that prison officials should be equitably estopped from relying upon the exhaustion defense"—which it said did not need to be

5

decided since the prisoner "[could not] show detrimental reliance on prison officials, having been told that his grievance had been lost or misfiled and having been given an opportunity to cure." *Id.*; *see also Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001) (affirming dismissal of prisoner's complaint for failure to "pursue the grievance remedy to conclusion" despite the prisoner's allegation that he "fil[ed] a Step One grievance, which put the prison on notice of his complaint and offered the authorities an opportunity to mediate the dispute). Like the defendants in *Jernigan* and *Wright*, Mr. Ryan failed to pursue his grievances. And if Mr. Ryan truly believed that prison officials were ignoring or losing his grievance filings, he had every right to take advantage of the CDCR's Grievance Procedure, which allows an inmate to file one grievance every 14 days. (Doc. 26, Ex. 2, at 6). He has offered zero evidence he did so.

Finally, regarding Mr. Ryan's argument that he was unable to obtain the appropriate records from Defendants to prove that he did in fact exhaust his remedies, the Tenth Circuit has previously rejected that argument as well. *See, e.g., Nickelberry v. Pharaoh,* 2000 WL 985665, *2 (10th Cir. 2000) (argument that defendant "was prevented from gaining sufficient information to contest the factual findings of the report because the prison officials failed to completely comply with the court's order regarding the report" was without merit because "there is no required procedure for reports ordered under *Martinez*"); *also see Rider v. Werholtz,* 548 F. Supp. 2d 1188, 1202 (D. Kan. 2008) (denying plaintiff's motion to compel "prison officials to prepare a more complete *Martinez* report" on the grounds that "[t]he purpose of a Martinez report is simply to give the trial court sufficient information for the orderly consideration of issues").

The Court therefore agrees with the Magistrate Judge that Mr. Ryan has not exhausted his administrative remedies. It also agrees with its dismissal of the claims against CDCR on Eleventh Amendment grounds. Mr. Ryan's motion to transfer is therefore moot.

In conclusion, it is ORDERED that

- The Report and Recommendation of United States Magistrate Judge [Doc. 31] is ADOPTED;
- Defendants' Motion to Dismiss (Doc. 26) is GRANTED.
- Plaintiff's Motion to Transfer (Doc. 25) is DENIED.

IT IS SO ORDERED this 6th day of February, 2017.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE